United States Bankruptcy Court
Central District of California

In re:                                                                  Case No. 18-18567-BB
Jason Peter Emanuel                                                     Chapter 7
Sarah Lori Emanuel
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0973-2          User: admin              Page 1 of 1           Date Rcvd: Nov 05, 2018
                              Form ID: 318a            Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 07, 2018.
db/jdb         +Jason Peter Emanuel,   Sarah Lori Emanuel,   123 1/2 N Sweetzer Ave.,
                 Los Angeles, CA 90048-3557
38651739       +Sofi Lending Corp,   375 Healdsburg Ave Suite 280,   Healdsburg, CA 95448-4151

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             EDI: EDD.COM Nov 06 2018 08:48:00      Employment Development Dept.,   Bankruptcy Group MIC 92E,
                 P.O. Box 826880,   Sacramento, CA  94280-0001
smg             EDI: CALTAX.COM Nov 06 2018 08:48:00      Franchise Tax Board,   Bankruptcy Section MS: A-340,
                 P.O. Box 2952,   Sacramento, CA  95812-2952
smg             E-mail/Text: finance.bankruptcy@lacity.org Nov 06 2018 04:02:51      Los Angeles City Clerk,
                 P.O. Box 53200,   Los Angeles, CA  90053-0200
38651736        EDI: BANKAMER.COM Nov 06 2018 08:49:00      Bank of America,   P.O. Box 982238,
                 El Paso, TX 79998-2238
38651737        EDI: CAUT.COM Nov 06 2018 08:48:00      Chase Auto Finance,   P.O. Box 78067,
                 Phoenix, AZ 85062-8067
38651738       +EDI: CHASE.COM Nov 06 2018 08:49:00      Chase Card,   PO BOX 15298,   Wilmington, DE 19850-5298
38651740        EDI: RMSC.COM Nov 06 2018 08:49:00      Syncb/Mega Group USA Inc.,   PO Box 965036,
                 Orlando, FL 32896-5036
38651741       +EDI: RMSC.COM Nov 06 2018 08:49:00      Syncb/Old Navy,   P.O. Box 965036,
                 Orlando, FL 32896-5036
38651742        EDI: WTRRNBANK.COM Nov 06 2018 08:49:00      TD Bank USA/Target Credit,   PO Box 673,
                 Minneapolis, MN 55440-0673
                                                                                             TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
intp            Courtesy NEF
                                                                                             TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 07, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 5, 2018 at the address(es) listed below:
              Edward M Wolkowitz (TR)    emwtrustee@lnbyb.com,   ewolkowitz@iq7technology.com
              Nicholas M Wajda    on behalf of Joint Debtor Sarah Lori Emanuel info@wajdalawgroup.com,
               r47098@notify.bestcase.com
              Nicholas M Wajda    on behalf of Debtor Jason Peter Emanuel info@wajdalawgroup.com,
               r47098@notify.bestcase.com
              United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
              Valerie  Smith    on behalf of Interested Party   Courtesy NEF claims@recoverycorp.com
                                                                                             TOTAL: 5

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jason Peter Emanuel** | Social Security number or ITIN | **xxx–xx–1357** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Sarah Lori Emanuel** | Social Security number or ITIN | **xxx–xx–2283** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Central District of California**

Case number:   **2:18–bk–18567–BB**

## Order of Discharge – Chapter 7

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Jason Peter Emanuel

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 11/5/18

Sarah Lori Emanuel
aka Sarah Lori Kanter, aka Sarah Leah Emanuel

[include all names used by each debtor, including trade names, within the 8 years prior to the filing of the petition]

Debtor 2 Discharge Date: 11/5/18

**Dated:** 11/5/18

**By the court:**   Sheri Bluebond
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**11/AUT**
**For more information, see page 2 >**

Official Form 318–CACBdodb/CACodsc          **Order of Chapter 7 Discharge**                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**